with the name of N. Brown contained 3.6 milligrams of alcohol per cc.

Dr. Hershberger testified that 1.5 milligrams of alcohol per cc., or more, in the blood would render a person intoxicated.

The results of the blood test were admitted over the objections: (1) that it had not been shown that the specimen examined by the chemist was that taken from appellant; (2) that the specimen was taken from appellant without his voluntary consent and by coercion and persuasion; (3) that such specimen was taken without the warning required under the confession statute having been given and while appellant was in custody; and (4) that the admission of evidence as to the results of the test would be tantamount to compelling the accused to give evidence against himself.

 We think that the first ground of objection must be sustained. The evidence shows that the specimen was taken by a nurse at the hospital, but there is an absence of any legal proof that the specimen taken by the nurse was the same specimen which was forwarded by Dr. Hershberger to the Department of Public Safety at Austin. The doctor's testimony, excluding the hearsay statements offered over objection, is not sufficient to establish such fact.

The evidence shows that the blood which was taken from appellant was taken with his consent at a hospital, and by a nurse. And there is no contention that the most approved method of doing so was not applied, or that the nurse was not fully qualified to extract blood in a safe manner.

When so taken by competent and trained nurses, doctors or laboratory technicians with the consent of one whose state of sobriety is questioned, the results of the test thereof may be shown by the state or by the accused. Consent being shown, the provisions of the 5th Amendment to the Constitution of the United States and Art. I, Sec. 10 of the Constitution of Texas, Vernon's Ann.St.Const., providing that no person shall be compelled to give evidence against himself, are not violated in the taking of blood for analysis, and the proof of the result of the test.

The purpose of Art. 727, C.C.P., is to prevent the use of verbal statements in the nature of a confession made by an accused while under arrest, and which do not come within the exceptions named in the statute.

Being a matter of statute only, the provisions of said Art. 727, C.C.P., requiring that the accused be warned before the confession is made, has no application to the obtaining of his consent for blood to be taken for the purpose of analysis.

For the error discussed, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

## MOODY v. STATE.
### No. 25324.

Court of Criminal Appeals of Texas.
May 30, 1951.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Upon his plea of "guilty" before the court, a jury having been waived, appellant was found guilty of the offense of driving while intoxicated. This being the second offense, his punishment was assessed at confinement in the penitentiary for one year.

The record is before this court without either a statement of facts or bill of exception. All proceedings appear regular. No question being presented for review, the judgment is affirmed.